UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

07 CR 10.3.4.3. WGY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: |
| | ) | |
| v. | ) | VIOLATION: |
| | ) | 18 U.S.C. § 1341- |
| | ) | Mail Fraud; |
| | ) | 18 U.S.C. § 1920- |
| | ) | False Statements to Obtain Federal |
| RONALD E. LICHTENSTEIN, | ) | Employee Compensation; |
| | ) | 18 U.S.C. § 1001 - |
| Defendant. | ) | False Statements |
| | ) | |

## INDICTMENT

The Grand Jury charges that:

### COUNTS ONE THROUGH FOUR
### Mail Fraud
### (Title 18, United States Code, Section 1341)

At all times material to this information:

#### General Allegations

1. The defendant, RONALD E. LICHTENSTEIN, ("LICHTENSTEIN") a resident of Walpole, Massachusetts, was employed by Conrail from 1985-1995 as an area economic development manager. In 1998, he began employment as an associate supervisor for the United States Postal Service.

2. In or around June, 1999, LICHTENSTEIN, based on a claim of situational adjustment disorder, applied for, and subsequently began receiving compensation for total disability under the Federal Employees Compensation Act ("FECA") at the rate of 75% of his full-time pay at the U.S. Postal Service, or approximately $2500 a month.

3. FECA provides compensation, medical benefits and rehabilitation services to federal employees, including employees of the U.S. Postal Service, who are injured in the course of their employment with the federal government and who are unable to return to the position held at the time of injury or to perform other gainful employment due to the work-related injury.

4. Compensation for total disability is payable at the rate of 75% of the employee's pay rate if the employee has at least one dependent, which may include a spouse. Compensation provided to an employee under FECA is exempt from federal and state taxes.

5. FECA is administered for postal employees by the U.S. Department of Labor, Office of Workers' Compensation Program ("OWCP"). OWCP's stated goal is to return each disabled employee to suitable work as soon as he or she is medically able. OWCP will not terminate or reduce compensation and benefits for a total disability unless, among other things, the disability for which compensation was paid has ceased, the employee is only partially disabled, or the employee has returned to work. An employee who is receiving compensation for total disability is required to advise OWCP immediately of any return to work, either part-time or full-time.

6. OWCP periodically requires each employee who is making a claim for compensation for total disability to report all work which the employee has performed outside the employee's federal job and any kind of payment received for such work. Both forms on which the employee is required to report such information, U.S. Department of Labor Form CA-7 and Form EN-1032, make clear that a false or evasive statement, omission, concealment, or misrepresentation with respect to employment activity or earnings in a report, or any other act of fraud to obtain compensation, may subject an employee to criminal prosecution.

7. On March 21, 2000, LICHTENSTEIN applied to the United States Railroad Retirement Board ("RRB") for a disability annuity based upon his previous qualifying railroad employment and claims of a heart attack and bypass, and a stress disorder. LICHTENSTEIN was subsequently awarded a total and permanent disability annuity under the Railroad Retirement Act on November 27, 2000, retroactive to November 1, 1999. The annuity ranged from approximately $1700 to $2000 per month. In the claim process, LICHTENSTEIN was notified in writing that he was required to report any work, including self-employment.

8. In each year thereafter, in October, RRB sent to LICHTENSTEIN a form reminding him that he must notify RRB "if you perform any work (including self-employment) which earnings exceed $400."

9. During the period LICHTENSTEIN was receiving compensation for disability under FECA and a disability annuity from RRB, he was actively engaged in the operation of a business out of his home called the Algonquin Sweeping and Striping Company, a parking lot sweeping and line painting company, from which he and his wife received income.

### The Scheme

10. Beginning on or about June 1999, and continuing through July, 2006, in the District of Massachusetts, defendant LICHTENSTEIN knowingly devised a scheme and artifice to defraud the United States, and for obtaining money and property by means of false and fraudulent pretenses and representations concerning material facts and matters.

### The Purpose of the Scheme

11. The purpose of the scheme was for defendant LICHTENSTEIN to be able to receive tax-exempt monthly disability compensation from the United States pursuant to FECA and receive

a disability annuity from RRB and to hide and conceal from the U.S. Department of Labor and the RBB the fact that he worked for, and received compensation from, a parking lot sweeping and line painting company while receiving disability compensation. The disability payments from FECA are based on defendant LICHTENSTEIN's claim of a total disability and not having to work for the U.S. Postal Service. The annuity payments received from the RRB are based on the qualifying railroad employment of defendant LICHTENSTEIN and by his claim of total disability because of a heart attack and bypass, and stress disorder.

### Manner and Means of the Scheme

12. It was part of the scheme and artifice that defendant LICHTENSTEIN applied for, and did in fact receive, compensation for total disability under FECA and a disability annuity from the RRB.

13. It was part of the scheme and artifice that, notwithstanding the fact that defendant LICHTENSTEIN was receiving compensation for total disability, defendant LICHTENSTEIN was capable of working, and in fact did actively participate in the operation of a business out of his home called the Algonquin Sweeping and Striping Company.

14. It was part of the scheme and artifice that defendant LICHTENSTEIN falsified, concealed, omitted, and covered up on Department of Labor Office Forms EN1032, which he certified on or about August 29, 2002; September 11, 2003; September 7, 2004; and October 3, 2005, the fact that he worked at Algonquin Sweeping and Striping Company notwithstanding the fact that the EN1032 form expressly required defendant LICHTENSTEIN to report whether he had worked outside his federal job - including salaried, commission, and volunteer work as well as self-employment - during the period for which he claimed compensation.

15. It was also part of the scheme and artifice that defendant LICHTENSTEIN falsified, concealed, omitted, and covered up on RRB Form G-254a, which he certified on or about May 10, 2004, the fact that he worked at Algonquin Sweeping and Striping Company notwithstanding the fact that Form G-254a expressly required defendant LICHTENSTEIN to report whether he had worked for someone other than a railroad or was self-employed.

### The Mailings

16. On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant RONALD E. LICHTENSTEIN, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises concerning material facts and matters, for the purpose of executing such scheme and artifice, did knowingly place in the post office or authorized depository for mail matter, and did knowingly cause to be delivered by United States Postal Service mail or by private or commercial carriers according to the directions thereon, fraudulent Department of Labor Office Forms EN-1032, as follows:

| Count | Date Certified or Received by Department of Labor | OWCP Form |
|---|---|---|
| 1 | September 11, 2003 | EN-1032 |
| 2 | September 7, 2004 | EN-1032 |
| 3 | October 3, 2005 | EN-1032 |

17. On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant RONALD E. LICHTENSTEIN, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises concerning material facts and matters, for the

purpose of executing such scheme in the post office or authorized depository for mail matter, and did knowingly cause to be delivered by United States Postal Service mail or by private or commercial carriers according to the directions thereon, a letter from the United States Railroad Retirement Board, Form RL-213E, notifying him that based on his submitted Form G-254a, <u>Continuing Disability Update</u>, he was still entitled to a disability annuity, as follows:

| Count | Date Mailed by RRB | Form |
|---|---|---|
| 4 | May 18, 2004 | RL-213E |

All in violation of Title 18, United States Code, Section 1341.

## COUNTS FIVE THROUGH SEVEN

### False Statements to Obtain Federal
### Employees' Compensation in Relation to Federal Worker's Compensation
### (Title 18, United States Code, Section 1920)

18.  Paragraphs 1 though 6 of the General Allegations Section are hereby incorporated and realleged herein.

19.  On or about the dates set forth below, in the District of Massachusetts, the defendant, RONALD E. LICHTENSTEIN, knowingly and willfully falsified, concealed, and covered up material facts and made false, fictitious, and fraudulent statements in connection with the application for and receipt of federal workers' compensation payments exceeding $1,000; that is, LICHTENSTEIN falsely responded "No" to Question 1 ("Did you work for any employer during the past 15 months?") and Question 2, (Were you self-employed or involved in any business enterprise in the past 15 months?") when in fact he was actively engaged in the operation of the Algonquin Sweeping and Striping Company, as follows:

| Count | Date Certified or Received by Department of Labor | OWCP Form |
|---|---|---|
| 5 | September 11, 2003 | EN-1032 |
| 6 | September 7, 2004 | EN-1032 |
| 7 | October 3, 2005 | EN-1032 |

All in violation of Title 18, United States Code, Section 1920.

## COUNT EIGHT
### False Statements to Agency of the United States
### (Title 18, United States Code, Section 1001)

20.     Paragraph 1 and 7 through 9 of the General Allegations are incorporated and realleged herein.

21.     On or about May 10, 2004, in the District of Massachusetts, the defendant, RONALD E. LICHTENSTEIN, in a matter within the executive branch of the government of the United States, knowingly and willfully falsified, concealed, and covered up material facts and made false, fictitious, and fraudulent statements; that is, in submitting to the Railroad Retirement Board a completed Form G-254a, Continuing Disability Update Report, LICHTENSTEIN falsely answered "No" to the question "During the report period did you work for someone other than a railroad or were you self-employed?" when in fact he was actively engaged in the operation of the Algonquin Sweeping and Striping Company.

All in violation of Title 18, United States Code, Section 1001.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS; October 23, 2007.   11:26 am

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK